UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
NEREIDA BALOTTI

                    *Plaintiff,*

  -against-

SPRING VALLEY CARE LLC,
MEDRITE SPRING VALLEY LLC,
MEDRITE LLC,
MEDRITE MEDICAL CARE, P.C.,
MEDRITE CARE LLC,
ALAIN MASS,
SAMUEL FISCH,

                    *Defendant.*
-------------------------------------------------------------------X

Case No.: 7:21-cv-6140

**DEFENDANT ALAIN MASS'S ANSWER AND DEFENSES TO COMPLAINT**

Defendant Alain Mass (hereinafter, "Mass"), by and through the undersigned counsel, KOSS & SCHONFELD, LLP, hereby presents this Answer and Defenses (the "Answer") to the complaint (the "Complaint"), brought by Plaintiff, Nereida Balotti ("Plaintiff" or "Balotti"). To the extent any allegation in the Complaint is not specifically admitted, the allegation is denied. The Complaint's headings are not substantive allegations to which an answer is required, but to the extent to which an answer is required, Defendant Mass denies any allegation or characterization that may be implied or stated in any heading or subheading. Defendant Mass answers the corresponding numbered paragraphs as follows:

**PRELIMINARY STATEMENT**

To the extent that the Preliminary Statement states legal relief sought by the Plaintiff, no response is required. To the extent that an answer is required, Defendant Mass denies all allegations of wrongdoing in the Preliminary Statement.

## JURISDICTION & VENUE

1. To the extent that the allegations set forth in paragraph 1 state a legal conclusion, no response is required.

2. To the extent that the allegations set forth in paragraph 2 state a legal conclusion, no response is required.

3. To the extent that the allegations set forth in paragraph 3 state a legal conclusion, no response is required.

4. To the extent that the allegations set forth in paragraph 4 state a legal conclusion, no response is required.

## PARTIES

5. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 5 of the Complaint.

6. Admits that, based on his information and belief, SPRING VALLEY CARE LLC was and is a domestic limited liability corporation, duly existing by the virtue and laws of the State of New York.

7. Admits that, based on his information and belief, MEDRITE SPRING VALLEY LLC was and is a domestic limited liability corporation, duly existing by the virtue and laws of the State of New York.

8. Admits that, based on his information and belief, MEDRITE LLC was and is a domestic limited liability corporation, duly existing by the virtue and laws of the State of New York.

9. Admits that, based on his information and belief, MEDRITE MEDICAL CARE, P.C. was and is a domestic professional corporation, duly existing by the virtue and laws of the

State of New York.

10. Admits that, based on his information and belief, MEDRITE CARE LLC was and is a domestic limited liability corporation, duly existing by the virtue and laws of the State of New York.

11. Denies each and every allegation contained in paragraph 11 of the Complaint.

12. Admits that Mass was and is a supervisor at MedRite facilities.

13. Admits that Mass was Plaintiff's immediate supervisor.

14. Admits that, based on his information and belief, Samuel Fisch ("Fisch") owns and operates MedRite.

## MATERIAL FACTS

15. Admits that Defendants hired Plaintiff as a Radiologic Technologist in or around October of 2018.

16. Admits Mass was employed as medical director at Defendants' 175 Route 59, Spring Valley, New York location.

17. To the extent that paragraph 17 relates to Defendants' state of mind, no response from Defendant Mass is required. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 17 of the Complaint.

18. Denies each and every allegation contained in paragraph 18 of the Complaint.

19. Denies each and every allegation contained in paragraph 19 of the Complaint.

20. Admits that in a typical wok week, Plaintiff and Mass would work together every Tuesday for a twelve (12) hour shift.

21. Denies each and every allegation contained in paragraph 21 of the Complaint.

22. Denies each and every allegation contained in paragraph 22 of the Complaint.

23. Denies each and every allegation contained in paragraph 23 of the Complaint.

24. Admits that in or around June of 2020, Plaintiff went out on medical leave.

25. Denies each and every allegation contained in paragraph 25 of the Complaint.

26. Denies each and every allegation contained in paragraph 26 of the Complaint.

27. Denies each and every allegation contained in paragraph 27 of the Complaint.

28. Denies each and every allegation contained in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 29 of the Complaint.

30. Denies each and every allegation contained in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of the Complaint as to Plaintiff's state of mind. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 31 of the Complaint.

32. Denies each and every allegation contained in paragraph 32 of the Complaint.

33. Denies each and every allegation contained in paragraph 33 of the Complaint.

34. Denies each and every allegation contained in paragraph 34 of the Complaint.

35. Denies each and every allegation contained in paragraph 35 of the Complaint.

36. Denies each and every allegation contained in paragraph 36 of the Complaint.

37. Denies each and every allegation contained in paragraph 37 of the Complaint.

38. Denies each and every allegation contained in paragraph 38 of the Complaint.

39. Denies each and every allegation contained in paragraph 39 of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 40 of the Complaint as to Plaintiff's communications. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 40 of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 42 of the Complaint.

43. Denies each and every allegation contained in paragraph 43 of the Complaint.

44. Denies each and every allegation contained in paragraph 44 of the Complaint.

45. Denies each and every allegation contained in paragraph 45 of the Complaint.

46. Denies each and every allegation contained in paragraph 46 of the Complaint.

47. Denies each and every allegation contained in paragraph 47 of the Complaint.

48. Denies each and every allegation contained in paragraph 48 of the Complaint.

49. Denies each and every allegation contained in paragraph 49 of the Complaint.

50. Denies each and every allegation contained in paragraph 50 of the Complaint.

51. Denies each and every allegation contained in paragraph 51 of the Complaint.

52. Denies each and every allegation contained in paragraph 52 of the Complaint.

53. Denies each and every allegation contained in paragraph 53 of the Complaint.

54. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 54 of the Complaint as to Plaintiff's communications. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 54 of the Complaint.

55. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 55 of the Complaint as to Plaintiff's knowledge or prior complaints. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 55 of the Complaint.

56. Denies each and every allegation contained in paragraph 56 of the Complaint.

57. Denies each and every allegation contained in paragraph 57 of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 58 of the Complaint as to Plaintiff's state of mind. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 58 of the Complaint.

59. Denies each and every allegation contained in paragraph 59 of the Complaint.

60. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 60 of the Complaint. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 60 of the Complaint.

61. To the extent that paragraph 61 relates to Defendants' state of mind, no response from Defendant Mass is required. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 61 of the Complaint.

62. To the extent that paragraph 62 relates to Defendants' state of mind or actions, no response from Defendant Mass is required. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 62 of the Complaint.

63. To the extent that paragraph 63 relates to Defendants' actions or purported inaction, no response from Defendant Mass is required. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 63 of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 64 of the Complaint. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 64 of the Complaint.

65. Denies each and every allegation of wrongdoing contained in paragraph 65 of the Complaint.

66. Denies each and every allegation contained in paragraph 66 of the Complaint.

67. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 67 of the Complaint. To the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 67 of the Complaint.

68. Denies each and every allegation of wrongdoing contained in paragraph 68 of the Complaint. To the extent that Plaintiff demands punitive damages against Defendants, including Defendant Mass, Plaintiff is not entitled to recover such damages as any award of punitive damages against Defendant Mass in this action would be barred to the extent that it violates the due process and equal protection provisions of the United States and New York State Constitutions.

69. Denies each and every allegation of wrongdoing contained in paragraph 69 of the Complaint.

**AS A FIRST CAUSE OF ACTION**
**DISCRIMINATION UNDER TITLE VII**
**<u>(NOT AGAINST INDIVIDUAL DEFENDANTS)</u>**

70. No response is required to paragraph 70.

71. To the extent that the allegations in paragraph 71 cite a legal provision in Title VII of the Civil Rights Act of 1964, no response is required.

72. To the extent that the allegations set forth in paragraph 72 state a legal conclusion, no response is required.

73. Denies each and every allegation of wrongdoing contained in paragraph 73 of the Complaint.

**AS A SECOND CAUSE OF ACTION
FOR RETALIATION UNDER TITLE VII
(NOT AGAINST INDIVIDUAL DEFENDANTS)**

74. No response is required to paragraph 74.

75. To the extent that the allegations in paragraph 75 cite a legal provision in Title VII of the Civil Rights Act of 1964, no response is required.

76. Denies each and every allegation of wrongdoing contained in paragraph 76 of the Complaint.

**AS A THIRD CAUSE OF ACTION
UNDER STATE LAW
DISCRIMINATION**

77. No response is required to paragraph 77.

78. To the extent that the allegations in paragraph 78 cite a legal provision in New York State Executive Law § 296, no response is required.

79. Denies each and every allegation of wrongdoing contained in paragraph 79 of the Complaint.

**AS A FOURTH CAUSE OF ACTION
UNDER STATE LAW
AIDING & ABETTING**

80. No response is required to paragraph 80.

81. To the extent that the allegations in paragraph 81 cite a legal provision in New York State Executive Law §296(6), no response is required.

82. Denies each and every allegation of wrongdoing contained in paragraph 82 of the Complaint.

83. Denies each and every allegation of wrongdoing contained in paragraph 83 of the Complaint.

## AS A FIFTH CAUSE OF ACTION
## UNDER STATE LAW
## RETALIATION

84. No response is required to paragraph 84.

85. To the extent that the allegations in paragraph 85 cite a legal provision in New York State Executive Law §296(7), no response is required.

86. Denies each and every allegation of wrongdoing contained in paragraph 86 of the Complaint.

87. Denies each and every allegation of wrongdoing contained in paragraph 87 of the Complaint.

## AS A SIXTH CAUSE OF ACTION
## INTENTIONAL INFLICTION
## OF EMOTIONAL DISTRESS
## (AS AGAINST DEFENDANT MASS)

88. No response is required to paragraph 88.

89. Denies each and every allegation of wrongdoing contained in paragraph 89 of the Complaint.

90. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 90 of the Complaint as to Plaintiff's emotional state. To

the extent a response is required, Defendant Mass denies each and every allegation of wrongdoing contained in paragraph 90 of the Complaint.

**AS A SEVENTH CAUSE OF ACTION**
**ASSAULT & BATTERY**
**(AS AGAINST DEFENDANT MASS)**

91.	No response is required to paragraph 91.

92.	No response is required to paragraph 92.

93.	To the extent that the allegations in paragraph 93 cite a provision under New York law, no response is required.

94.	To the extent that the allegations in paragraph 94 cite a provision under New York law, no response is required.

95.	Denies each and every allegation of wrongdoing contained in paragraph 95 of the Complaint.

96.	Denies each and every allegation of wrongdoing contained in paragraph 96 of the Complaint.

**JURY DEMAND**

97.	Defendant Mass states that whether Plaintiff's claims entitle her to a trial by jury constitutes a legal determination that is not subject to admission or denial.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant Mass asserts the following affirmative and other defenses. In doing so, Defendant Mass does not assume any burden of proof on any issue that is Plaintiff's burden as a matter of law:

**First Defense**

Plaintiff's Complaint fails, in whole or in part, to state any claims against Defendant Mass upon which relief can be granted. Accordingly, the Complaint must be dismissed.

**Second Defense**

Plaintiff's claims against Defendant Mass are barred, in whole or in part, from recovery based on laches.

**Third Defense**

Plaintiff's claims against Defendant Mass are barred, in whole or in part, by the election of remedies doctrine.

**Fourth Defense**

Plaintiff's claims are barred, in whole or in part, to the extent that she failed to timely and/or substantively satisfy any administrative prerequisites or exhaust available administrative remedies.

**Fifth Defense**

Plaintiff's claims against Defendant Mass are barred, in whole or in part, from recovery because Plaintiff invited and knowingly participated in the conduct and actions that she now complains of.

**Sixth Defense**

Plaintiff's claims for damages is barred, in whole or in part, to the extent that Plaintiff has suffered no damages.

**Seventh Defense**

Defendant Mass had legitimate, non-discriminatory business reasons for any actions taken with respect to Plaintiff, and these reasons were not pretextual.

**Eighth Defense**

Plaintiff's claims are barred, in whole or in part, because she is not entitled to the protections provided under the statutes pursuant to which she seeks relief, including but not limited Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq. and New York State law.

**Ninth Defense**

Plaintiff's claims are barred, in whole or in part, because any allegedly adverse action was based on one or more reasonable factors other than sex or retaliation.

**Tenth Defense**

Plaintiff's claims for damages are barred, in whole or in part, because she failed to demonstrate any entitlement to damages. To the extent that Plaintiff can demonstrate any entitlement to damages, which Defendant Mass expressly denies, she has failed to mitigate or minimize her alleged damages.

**Eleventh Defense**

Defendant Mass is entitled to a set-off credit against Plaintiff's damages, if any, for any such amounts she received from any source whatsoever.

**Twelfth Defense**

All actions taken by Defendant Mass with respect to Plaintiff would have taken place notwithstanding Plaintiff's sex or complaint.

**Thirteenth Defense**

Upon information and belief, Defendants and/or Defendant Mass at all material times had suitable anti-discrimination, anti-harassment, and anti-retaliation policies in place, which set forth the procedure to be followed if an employee believes he or she has been harassed, discriminated,

or retaliated against, and exercised reasonable care to prevent and correct all discrimination, harassment, and/or retaliation.

### Fourteenth Defense

Plaintiff's claims are barred, or should be reduced, to the extent she failed to avoid harm that could have been avoided with reasonable effort. Plaintiff's claims are barred because she unreasonably failed to take advantage of preventative and corrective opportunities provided by Defendants and/or Defendant Mass, including those opportunities set forth in its anti-discrimination, anti-harassment, and anti-retaliation policies.

### Fifteenth Defense

Plaintiff's claims are barred to the extent she failed to exhaust internal remedies.

### Sixteenth Defense

Plaintiff's allegations do not rise to an actionable level.

### Seventeenth Defense

Some or all of Plaintiff's alleged damages are speculative, inappropriate under the facts of this action, and/or unavailable as a matter of law.

### Eighteenth Defense

Defendant Mass did not engage in willful or intentional conduct, nor did Defendant Mass engage in any practice with malice or reckless indifference to the rights of Plaintiff.

### Nineteenth Defense

Plaintiff is not entitled to recover punitive or liquidated damages in this action. Any award of punitive or liquidated damages against Defendant Mass in this action would be barred to the extent that it violates the due process and equal protection provisions of the United States and New York State Constitutions.

**Twentieth Defense**

Some or all of Plaintiff's claims for relief are barred because of unclean hands.

**Twenty-First Defense**

Plaintiff's claims fail, in whole or in part, to the extent barred by the applicable Statutes of Limitations.

**Twenty-Second Defense**

There is documentary evidence that establishes defenses to each of the Plaintiffs' ostensible causes of action.

**Twenty-Third Defense**

Defendant Mass is not a proper party to this suit.

**Reservation of Rights**

Defendant Mass reserves his right to seek leave of Court to assert and rely upon such other and further defenses as may become available or apparent during the course of investigation, discovery or otherwise and hereby reserves his right to amend his answer and assert additional defenses.

**WHEREFORE,** Defendant Mass demands judgment in his favor, along with an award of costs, attorneys' fees, and any other relief the Court deems appropriate.

Dated: December 1, 2021
New York, New York

Respectfully Submitted,

_____
Simcha D. Schonfeld, Esq.
**KOSS & SCHONFELD, LLP**
90 John Street, Suite 503
New York, NY 10038
Tel: (212) 796-8916
*Attorneys for Defendant Alain Mass*