# HERRICK

Meaghan Roe
Associate
Phone: 212.592.1632
Fax: 212.592-1500
mroe@herrick.com

April 24, 2023

VIA ECF

Hon. Philip M. Halpern
Federal Building and Courthouse
300 Quarropas Street, Room 530
White Plains, New York 10601

      Re:    *Balotti v. Spring Valley Care LLC*, et al., 21-cv-6140-PMH
                Letter Motion to Compel Non-Party Discovery

Dear Judge Halpern:

      This firm represents Defendants Spring Valley Care LLC, Medrite Spring Valley LLC, Medrite LLC, Medrite Medical Care P.C., and Medrite Care LLC (the "Corporate Defendants") in the above-captioned matter. Pursuant to Federal Rules of Civil Procedure 26, 37 and 45, Local Civil Rule 37.2, Your Honor's Individual Practices in Civil Cases and in accordance with the April 18, 2023 case conference and the Court's resulting Order [ECF No. 73], the Corporate Defendants file this letter motion for an Order compelling non-party Joan Hearn-Parks, Plaintiff's treating therapist, to appear for a deposition pursuant to a Subpoena to Testify at a Deposition in a Civil Action (the "Subpoena").

      The Subpoena was personally served on Ms. Hearn-Parks at her home on October 14, 2022 and directed her appearance at a deposition on November 16, 2022, for which she did not appear. A copy of the Subpoena and proof of service is attached hereto as **Exhibit 1**.

      While the Corporate Defendants do seek an Order compelling Ms. Hearn-Parks' compliance with the Subpoena, the undersigned notes that the day after the conference, on Wednesday, April 19, 2023, at approximately 12:35pm, I spoke to Ms. Hearn-Parks via telephone,



April 24, 2023
Page 2

and she agreed to appear for a remote deposition (via Zoom) on Wednesday, May 17, 2023, beginning at 10:00am. She advised she would travel to her workplace, the Center for Stress Reduction, in Goshen, New York, so she can be assisted with the Zoom deposition setup. As Ms. Hearn-Parks' day off is Wednesdays and all counsel have confirmed they can be available on that date, the Corporate Defendants request that the Court issue an Order compelling Ms. Hearn-Parks' appearance for such date and time. Upon such an Order, counsel will circulate access information using Veritext Virtual deposition services.

As noted in prior joint letters filed with the Court [ECF Nos. 66, 72] and during the conference, Plaintiff produced in discovery handwritten notes of Ms. Hearn-Parks and Plaintiff's treating psychiatrist, Dr. Mark Bernstein. However, these handwritten notes are illegible.[1] Thus, the Corporate Defendants seek Ms. Hearn-Parks' deposition on her illegible notes and Plaintiff's claimed emotional pain and suffering damages. As these handwritten notes and treatment of Plaintiff are relevant to both fact and expert discovery, the parties have been working to schedule fact depositions of these two individuals.[2]

Here, there is no dispute that the Subpoena satisfied the requirements of Rule 45(a), and was properly and personally served on Ms. Hearn-Parks. The Subpoena required compliance at the Corporate Defendants counsel's office (2 Park Avenue, New York, New York), which is less

---

[1] To the extent the Court would like to review any of the notes, the Corporate Defendants will submit copies upon the Court's directive.

[2] While the Corporate Defendants were initially unable to serve a subpoena on Dr. Bernstein, he has since agreed to be deposed via a remote deposition on May 3, 2023, and has accepted service of a subpoena directing his appearance on that date.



April 24, 2023
Page 3

than 100 miles from Ms. Hearn-Parks' home. (The Subpoena also provided for a remote deposition option.) The Subpoena is thus valid, and Ms. Hearn-Parks should be compelled to comply pursuant to Fed. R. Civ. P. 37 and 45.

Fed. R. Civ. P. 26(b) provides that a party may obtain discovery concerning "any nonprivileged matter that is relevant to any party's claim or defense." Indeed, the scope of discovery under Fed. R. Civ. P. 26(b) "has been construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Enzo Biochem, Inc. v. PerkinElmer, Inc.*, No. 03 Civ. 3817 (RJS), 2014 WL 12789255, at *2 (S.D.N.Y. Feb. 19, 2014) (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)).

As noted above, Ms. Hearn-Parks was personally served with the Subpoena, but refused to appear for the noticed November 16, 2022 deposition. Counsel for the Corporate Defendants made good-faith efforts to contact Ms. Hearn-Parks in advance of the noticed deposition, and this office's calls were finally returned on November 10, 2022, when Ms. Hearn-Parks advised that she refused to appear for a deposition unless she received a Court Order. The parties raised this issue to the Court via a November 18, 2022 joint letter [ECF No. 66], and the Corporate Defendants served a copy of the Court's November 21, 2022 Order [ECF No. 67] directing a telephonic conference on Ms. Hearn-Parks (and Dr. Bernstein) via FedEx overnight delivery on November



April 24, 2023
Page 4

23, 2022. Copies of such letters and proof of service is attached hereto as **Exhibit 2**.[3] Ms. Hearn-Parks contacted the undersigned via telephone on January 6, 2023, and advised that she may agree to appear for a remote deposition.[4] We engaged in a number of good-faith conversations, during which Ms. Hearn-Parks first agreed to appear for a deposition, then on February 1, 2023, advised she would only appear for a deposition of no more than two hours (which is insufficient for the volume of notes at issue), and then again refused to appear for a deposition at all, absent specific Court Order. Most recently, in advance of the April 18, 2023 conference, the undersigned had left voicemails for Ms. Hearn-Parks on April 11 and 17, 2023 in a final effort to secure her cooperation, which were not returned in advance of the conference.

Therefore, for all the reasons above, and pursuant to Ms. Hearn-Parks' agreement during the April 19, 2023 phone call, the Corporate Defendants request that this Court grant their motion to compel Ms. Hearn-Parks' compliance with the Subpoena, and to direct Ms. Hearn-Parks to appear for a remote deposition on May 17, 2023, beginning at 10:00am.

---

[3] On February 2, 2023, after the parties were advised that the conference was scheduled for April 18, 2023, this office served a further letter on both Ms. Hearn-Parks and Dr. Bernstein via FedEx overnight delivery. Copies of such letters and proof of service is attached hereto as **Exhibit 3**.

[4] Ms. Hearn-Parks advised that she does not have an email address, thus all communications were via telephone. On April 19, 2023, she advised that for purposes of the agreed-upon deposition, she could accept a Veritext link via her workplace's general email address (which the Corporate Defendants also intend to serve via hardcopy).



April 24, 2023
Page 5

      Thank you for your continued attention to this matter.

      Respectfully submitted,

      */s/ Meaghan Roe*
      Avery S. Mehlman, Esq.
      Meaghan Roe, Esq.
      Beth C. Khinchuk, Esq.
      HERRICK, FEINSTEIN LLP
      2 Park Avenue
      New York, New York 10016
      *Attorneys for Corporate Defendants*

cc:    All counsel of record (via ECF)
       Joan Hearn-Parks (via FedEx overnight delivery and USPS)

---

Application for pre-motion conference granted. Defendants are directed to serve a copy of this Order on Ms. Hearn-Parks and file proof of service.

Defendants are directed to file a letter with the Court via ECF by 8:00 p.m. on May 17, 2023 to provide a status report on the deposition of Ms. Hearn-Parks.

The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 74.

SO ORDERED.

_____
Philip M. Halpern
United States District Judge

Dated:  White Plains, New York
         April 26, 2023